LYONS, Justice
(concurring specially).
Lamondeze Johnson does not cite a single case involving motor vehicles colliding at an intersection in which this Court affirmed a summary judgment for the defendant. Johnson, who was traveling north before he began making his left turn, testified that the green arrow for the left-turn lane changed to yellow after he was a significant distance into the intersection in attempting to make a left turn. Wilkerson, who was traveling south, testified that she did not enter the intersection until her signal turned from red to green. Wilkerson further testified that she did not see Johnson’s vehicle because her view was obstructed by the car to the left of her vehicle, which was traveling in the same direction as she was. According to Wilkerson, that car also elected to enter the intersection when the signal turned green; Wilkerson says that ear avoided colliding with Johnson only because the driver of that vehicle slammed on its brakes. Wilkerson, in the far right lane, then collided with Johnson.
Johnson asks us to disregard Wilkerson’s testimony that her view was obstructed based upon photographs indicating that it would be “nearly impossible” for her view to be obstructed. Johnson also asks us to overlook her testimony concerning the vehicle next to her based upon the fact that the accident report reflects otherwise. From there, Johnson argues that we should conclude as a matter of law that Wilkerson failed to keep a proper lookout. A logical inference from circumstances surrounding the actions of the car next to Wilkerson is that it entered the intersection without seeing another car trying to make the left turn and then Johnson tried to follow the ears that had already made it through the intersection ahead of him and entered the intersection at a point when his green arrow had already turned yellow or red. The foregoing inference in support of the view favorable to Wilkerson, while subject to contrary inferences, is supported by substantial evidence. In reviewing a ruling on a motion for a summary judgment, this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Renfro v. Georgia Power Co., 604 So.2d 408, 411 (Ala.1992).
Finally, in order to affirm a summary judgment in favor of Johnson, we would be required to resolve in favor of Johnson challenges to Johnson’s credibility when he said the arrow was green when he began *422 his turn and challenges to Wilkerson’s credibility when she described the sudden appearance of Johnson in the intersection. As we noted in Dixon v. Board of Water & Sewer Comm’rs of the City of Mobile, 865 So.2d 1161, 1166 n. 2 (Ala.2003), “It goes without saying that ‘ “ ‘a court may not determine the credibility of witnesses on a motion for summary judgment.’ ” ’ ”